THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL JAMES WALKER JR,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE AND GRANTING MOTION TO WITHDRAW AS COUNSEL**<br><br>Case No. 4:20-cr-00051-DN<br><br>District Judge David Nuffer |

Defendant filed a motion seeking compassionate release ("Motion").[1] The government opposes the Motion.[2] Neither Defendant nor his court-appointed counsel replied to the government's opposition. The United States Probation Office filed a report.[3] Because Defendant fails to show extraordinary and compelling reasons to warrant a sentence reduction, and the applicable factors in 18 U.S.C. § 3553(a) do not support a sentence reduction, the Motion is DENIED.

## DISCUSSION

The Tenth Circuit has endorsed a three-part test a district court should use when considering motions filed under 18 U.S.C. § 3582(c).[4] First, a court must find whether extraordinary and

---

[1] Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (*Pro Se* Prisoner), docket no. 98, filed December 29, 2021.

[2] United States' Opposition to Defendant's Emergency Motion for Compassionate Release and Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i), docket no. 101, filed December 23, 2021.

[3] First Step Act Relief Eligibility Report, docket no. 102, filed December 28, 2021.

[4] *United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021).

compelling reasons warrant a sentence reduction.[5] Second, a court must find whether such a reduction is consistent with any applicable policy statements issued by the United States Sentencing Commission ("USSC").[6] Third, a court must consider any applicable factors under 18 U.S.C. § 3553(a) and determine if a reduction in sentence is warranted under the particular circumstances of the case.[7]

## The Motion is Procedurally Proper

"The First Step Act . . . modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file [a] motion [for compassionate release or a sentence modification] with the court him or herself."[8] To file a motion for compassionate release with a federal court, a defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[9] A defendant has the burden of showing that extraordinary and compelling reasons warrant a sentence reduction.[10]

Because Defendant is currently housed in a state institution, he never filed a request with the warden.[11] The government argues that in the limited circumstances where a defendant is cannot apply to compassionate release to a warden of a federal institution, such as when housed in a state institution, that defendant has satisfied the typical exhaustion requirements of 18 U.S.C.

---

[5] *Id*.

[6] *Id*.

[7] *Id*.

[8] *United States v. Williams*, No. 2:17-cr-00417-DAK, 2020 WL 806026, *1 (D. Utah Feb. 18, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Willis*, 382 F.Supp.3d 1185, 1187 (D. N.M. 2019)).

[9] 18 U.S.C. § 3582(c)(1)(A).

[10] *United States v. Billings*, No. 19-CR-00099-REB, 2020 WL 4705285, at *2 (D. Colo. Aug. 13, 2020).

[11] Motion at 3.

§3582(c)(1)(A).[12] Other courts have agreed.[13] Defendant's place of incarceration should not preclude him from filing a motion for compassionate release under the relevant statute. Therefore, the Motion will be treated as procedurally proper, and its merits will be addressed.[14]

### Defendant Fails to Demonstrate Extraordinary and Compelling Reasons to Warrant Compassionate Release

The phrase "extraordinary and compelling reasons" is not defined in 18 U.S.C. § 3582(c). The USSC has issued a policy statement which defined the phrase "'extraordinary and compelling reasons' to include serious medical conditions and the age of the defendant,"[15] as well as circumstances where a defendant's spouse is incapacitated and the defendant would be the only available caregiver.[16] However, the Tenth Circuit recently held that "the existing policy statement [issued by the USSC] is applicable only to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants."[17] Because the Motion was filed by Defendant, the policy statement is inapplicable, and district court possess "the authority to exercise [their] independent discretion to define the term 'extraordinary and compelling reasons.'"[18] However, the policy statement's definition of the phrase provides a "persuasive, albeit not controlling, illustration of extraordinary and compelling reasons that warrant a reduction in sentence —e.g., the defendant's terminal illness, advanced age, debilitating medical

---

[12] United States' Opposition to Defendant's Emergency Motion for Compassionate Release and Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) at 2.

[13] *See United States v. Manganas*, No. 1:16-CR-00209, 2021 WL 5565852, at *2 (M.D. Pa. Nov. 29, 2021).

[14] 18 U.S.C. § 3582(c)(1)(A).

[15] *Williams*, 2020 WL 806026, at *1 (quoting *United States v. Gutierrez*, No. CR 05-0217 RB, 2019 WL 2422601, *2 (D. N.M. June 10, 2019)).

[16] *United States v. Quintana*, No. 17-CR-20043-02-JAR, 2020 WL 6483151, at *3 (D. Kan. Nov. 4, 2020), *reconsideration denied*, No. 17-CR-20043-02-JAR, 2021 WL 147987 (D. Kan. Jan. 15, 2021).

[17] *United States v. McGee*, 992 F.3d 1035, 1050 (10th Cir. 2021).

[18] *United States v. Carr*, 851 F. App'x 848, 853 (10th Cir. 2021) (unpublished).

condition, or the death or incapacitation of the sole caregiver for the defendant's minor children."[19]

Defendant requests compassionate release, because his father recently passed away from a heart attack and he is needed to serve as an executor for and manage his family's estate. Although a district court has discretion to define extraordinary and compelling reasons, Defendant's proffered reasons do not rise to that level. Defendant has a sister, who presumably is also capable of serving as an executor and managing Defendant's family's estate.[20] While Defendant's family circumstances are sympathetic, they do not constitute extraordinary and compelling reasons to justify granting him compassionate release. Defendant also contends that he should be granted release because of his rehabilitation and remorse. Such reasons also do not constitute extraordinary and compelling reasons to justify compassionate release.[21]

**The Relevant Factors Set Forth in 18 U.S.C. § 3553(A) do not Support Release**

Even if Defendant had shown compelling and extraordinary reasons to justify early release, consideration of the relevant factors set forth in 18 U.S.C. § 3553(a) weigh against granting Defendant compassionate release.

Defendant pled guilty to one charge of Possession of Fentanyl with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B). He was found driving a car travelling cross-country, transporting over a thousand Fentanyl tablets.[22] Despite the seriousness of his conduct, Defendant received a relatively light sentence. The mandatory minimum period

---

[19] *United States v. Blair*, No. 17-CR-00079-CMA, 2021 WL 2375872, at *1 (D. Colo. June 10, 2021).

[20] *Cf. United States v. Lopez*, No. 17-10157-EFM, 2021 WL 274518, at *2 (D. Kan. Jan. 27, 2021), aff'd, 846 F. App'x 733 (10th Cir. 2021) (denying a defendant's request for compassionate release to care for his father when defendant's mother and sister could also presumably serve as a caretaker).

[21] *See United States v. Espino*, No. 03-20051-08-JWL, 2021 WL 197254, at *3 (D. Kan. Jan. 20, 2021)

[22] Presentence Investigation Report, docket no. 102-1, field December 28, 2021, at 5.

of incarceration for the charge Defendant pled guilty to is 60 months. However, under 18 U.S.C. § 3553(f), the "safety valve" provision, Defendant was sentenced to 18 months of incarceration, and 36 months of supervised release. Defendant's sentence was not only below the typically mandatory minimum sentence, but it was well below the guideline range of 24 to 30 months. At the time of this decision, he has served approximately 73 percent of his total imposed sentence.[23]

Furthermore, Defendant committed multiple violations of his conditions of pretrial release. While on pretrial release, Defendant was arrested for assaulting his father, though the charges were later dropped. Defendant also "experienced difficulties with his electronic monitoring conditions through several instances of failing to charge batteries every 12 hours as required, failing to restart the tracking system as needed, failing to keep track of system text messages and damaging tracking equipment by swimming and getting monitoring equipment wet."[24] Other courts in this Circuit have found violations of conditions of pretrial release to weigh against granting compassionate release.[25]

The serious nature and circumstances of Defendant's offense, Defendant's failure to comply with his circumstances of pretrial release, and the appropriateness of Defendant's original sentence all weigh against granting his motion. Defendant has therefore failed to show that he is entitled to compassionate release.

---

[23] *See* First Step Act Relief Eligibility Report at 3.

[24] Presentence Investigation Report at 4.

[25] *See, e.g.*, *United States v. Wilson*, No. 19-20033-JAR, 2021 WL 6049840, at *4 (D. Kan. Dec. 21, 2021); *United States v. Edwards*, No. 12-20015-01-DDC, 2020 WL 5802080, at *4 (D. Kan. Sept. 29, 2020), *aff'd*, No. 20-3209, 2021 WL 452048 (10th Cir. Oct. 4, 2021).

### Jurisdiction is lacking over Defendant's request for
### home confinement or temporary release

To the extent Defendant requests temporary release or home confinement to attend his father's funeral[26], this court has no ability to do so. The authority to designate the place of an inmate's incarceration rests with the BOP[27], not the sentencing court.[28] Furthermore, under 18 U.S.C. § 3622, only the BOP has the authority to release an inmate to attend a funeral or related services.[29] Therefore, jurisdiction is lacking for this request.

### ORDER

THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion[30] is DENIED.

Signed January 7, 2022.

BY THE COURT

David Nuffer
United States District Judge

---

[26] Motion at 5.

[27] Although Defendant's place of imprisonment is in a state institution, not a federal institution, designation of his place of imprisonment and any temporary release is still managed by the BOP. *See* 18 U.S.C.A. § 3621.

[28] 18 U.S.C. § 3621(b); *United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010).

[29] *United States v. Jones*, No. 1:18-CR-00133, 2021 WL 5498747, at *2 (S.D.W. Va. Nov. 23, 2021).

[30] Docket no. 98, filed November 29, 2021.